1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill S. Frederick,<br><br>    Plaintiff,<br><br>v.<br><br>Irma O. Frederick, *et al.*,<br><br>    Defendants. | No. CV-17-00368-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Amended Motion to Exclude Defendant's Proposed Expert Opinion Testimony Under Fed. R. Civ. [P.] 37(c)(1) or, Alternatively, under FRE 702 (*Daubert*) (Doc. 65), to which Defendant filed a Response (Doc. 67).

In her Motion, Plaintiff first contends that Defendant failed to adequately disclose expert testimony under Federal Rule of Civil Procedure 26(a)(2)(C), and Plaintiff moves to exclude that testimony under Federal Rule of Civil Procedure 37(c)(1). As support, Plaintiff provides Defendant's expert disclosure statement (Doc. 65-1), which lists nine witnesses Defendant "may call at trial to present evidence under Fed. R. Evid. 702, 703, 704, and 705." For the first four witnesses, Defendant describes the testimony as "the mental status of the decedent during his hospital stay at Banner-Boswell during July 2016 consistent with his/her examination of and interactions with the decedent. The witness is expected to provide both fact testimony and opinion testimony based on his/her scientific, technical, or other specialized knowledge within the scope of the Federal Rules of Evidence." (Doc. 65-1.) For the other five witnesses, Defendant provides no description of the testimony whatsoever. (Doc. 65-1.)

In her Response, Defendant states that seven of the nine expert witnesses listed in Defendant's disclosure "are medical personnel of Banner-Boswell Medical Center who provided treatment or other medical services to the decedent," and another is Defendant's grand-daughter, Shannon Overs, who is trained as a doctor and who visited decedent at the Medical Center. (Doc. 67 at 2.) Defendant does not point to a supplemental or further disclosure beyond that which Plaintiff provided to the Court, and the Court must assume there is none. Instead, Defendant appears to try to justify her bare-bones disclosure by arguing that, because Defendant's witnesses are "solely . . . rebuttal experts," Defendant's disclosures were sufficient. (Doc. 67 at 1.)

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if the witness's testimony is sufficiently reliable and will help the trier of fact. Federal Rule of Civil Procedure 26(a)(2)(C) requires a party to disclose, if a treating physician will testify: 1) the subject matter on which the treating physician is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and 2) a summary of the facts and opinions to which the witness is expected to testify. Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to provide the information required by Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Defendant's disclosure comes nowhere close to providing a summary of the facts and opinions of any single physician or expert witness, as required by Rule 26(a)(2)(C). *See Pineda v. County of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (merely stating that the treating physician "will present fact and opinion testimony on causation, diagnosis, prognosis, [and] extent of [injury]" based on medical records was inadequate disclosure); *see also Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508 (D. Ariz. Feb. 13, 2013) (concluding a disclosure that "the witness will have opinions" in certain areas was inadequate when it "failed to state what the opinions are,

and the factual basis for those opinions"); *Smith v. Barrow Neurological Institute*, No. CV 10-01632-PHX-FJM, 2012 WL 4359057 (D. Ariz. Sep. 21, 2012) (concluding that bare disclosure of medical records associated with treating physician was inadequate to satisfy disclosure requirements and constituted grounds to preclude treating physician as witness).

Defendant provides no legal authority—and the Court is not aware of any—for the proposition that the disclosure requirements of Rule 26(a)(2)(C) do not apply to rebuttal experts. The rule Defendant cites, Rule 26(a)(2)(D)(ii), simply defines rebuttal expert evidence as that "intended solely to contradict or rebut evidence on the same subject matter identified by another party" and specifies a deadline for rebuttal expert disclosure in the absence of a deadline set by the Court. But Defendant still must disclose "a summary of the facts and opinions to which the witness is expected to testify" for each rebuttal expert. Fed. R. Civ. P. 26(a)(2)(C). Moreover, without any citation to legal authority, Defendant also seems to argue that, because Plaintiff disclosed several of the listed experts first, Defendant did not have to comply with the disclosure requirements of Rule 26(a)(2)(C). This argument also lacks merit. Defendant does not cite a single legal authority in her Response to support her contention that her rebuttal expert disclosures were somehow sufficient.

With regard to the testimony of Defendant's grand-daughter, Dr. Shannon Overs, Defendant makes the additional argument that, because Plaintiff deposed Dr. Overs, Defendant's failure to adequately disclose the opinions to which Dr. Overs would testify is harmless. The Court disagrees. Without adequate disclosure, Plaintiff could not prepare prior to the deposition; indeed, Plaintiff contends that she is still "unaware of the precise nature of [Dr. Overs's] opinion, if any, as none was expressed during the deposition or at any time thereafter." (Doc. 65 at 3.) Defendant may not rely on the fact that Plaintiff deposed one of Defendant's proposed expert witnesses as an excuse for not meeting the disclosure requirements of Rule 26(a)(2)(C).

Because Defendant's failure to meet the disclosure requirements was neither substantially justified nor harmless under Rule 37(c)(1), the Court will exclude any testimony in the form of an opinion on behalf of Defendant by any of the nine expert witnesses disclosed by Defendant (*see* Doc. 65-1). *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001). The Court will likewise not consider any opinion of Defendant's proffered experts in resolving Defendant's pending summary judgment motion.

Plaintiff also moved to exclude Dr. Overs's testimony under Federal Rule of Evidence 702 and the companion case law, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), because it would be insufficiently reliable. Specifically, Plaintiff points out that Dr. Overs never treated the decedent, Jim Frederick; she did not visit Mr. Frederick during the applicable time period, but rather before and after the actions at the crux of this lawsuit; and any opinion Dr. Overs would provide is not based on reliable principles and methods—let alone did Defendant ever disclose Dr. Overs's opinion or the principle and methods on which she contends she relied. The Court agrees. For these additional reasons, Dr. Overs may not opine regarding Mr. Frederick's mental status or provide any other medical opinion in this case.

IT IS THEREFORE ORDERED granting Plaintiff's Amended Motion to Exclude Defendant's Proposed Expert Opinion Testimony Under Fed. R. Civ. [P.] 37(c)(1) or, Alternatively, under FRE 702 (*Daubert*) (Doc. 65). None of the proposed expert witnesses listed on Defendant's Rule 26(a)(2)(C) disclosure statement may offer testimony in the form of an opinion on behalf of Defendant in this matter.

Dated this 7th day of August, 2018.

Honorable John J. Tuchi
United States District Judge