**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill S. Frederick, | No. CV-17-00368-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Irma O. Frederick, *et al.*, | |
| Defendants. | |

At issue are Plaintiff's Motion for Entry of Default and Default Judgment (as to Amended Complaint) or, Alternatively, to Strike Defendant's Affirmative Defenses to Initial Complaint (Doc. 60), to which Defendant filed a Response (Doc. 66); and Plaintiff's Motion for Modification of Scheduling Order and for Leave to Amend Prayer for Relief in First Amended Complaint by Interlineation (Fifth Request for Modification of Scheduling Order) (Doc. 82), to which Defendant filed a Response (Doc. 86) and Plaintiff filed a Reply (Doc. 87).

In the former Motion (Doc. 60), Plaintiff asks the Court to enter default against Defendant as to the Amended Complaint (Doc. 51), or at least to strike the Affirmative Defenses raised in Defendant's Answer (Doc. 18) to Plaintiff's original Complaint (Doc. 1), because Defendant failed to timely file an Answer to Plaintiff's Amended Complaint. Although untimely, Defendant did file an Answer (Doc. 62) to Plaintiff's Amended Complaint on the same day as Plaintiff filed this Motion, and in her Response (Doc. 66), Defendant explained that the failure to timely file the Answer was due to

1 inadvertence on the part of Defendant's counsel and that Defendant filed the Answer as soon as she realized she had neglected to file it. The Court finds Defendant's failure to timely file the Answer to the Amended Complaint was due to excusable neglect and did not substantially prejudice Plaintiff. Moreover, Defendant's filing of an Answer to the Amended Complaint moots Plaintiff's request for the Court to strike Affirmative Defenses in the original Answer. For these reasons, the Court will deny Plaintiff's first Motion (Doc. 60).

In the latter Motion (Doc. 82), Plaintiff requests that the Court amend the Scheduling Order to allow Plaintiff to amend the Amended Complaint to add a prayer for attorney's fees. Under Federal Rule of Civil Procedure 16(b)(4), the deadlines in the Scheduling Order "may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Plaintiff contends she was diligent during the period specified in the Scheduling Order for amending pleadings, but that counsel for Plaintiff's research at the beginning of this action indicated that Plaintiff would not be entitled to seek attorney's fees under Arizona law. Upon further research, Plaintiff now believes she may be entitled to seek attorney's fees and requests leave to add a prayer for fees in the Amended Complaint.

Plaintiff seeks to change the Scheduling Order deadline for amending pleadings from September 1, 2017—almost a year ago—to the present time. But Plaintiff's proffered reason—that further legal research changed Plaintiff's mind—does not indicate diligence during the allotted period. Furthermore, discovery is now closed, and Defendant will be prejudiced if Plaintiff is now allowed to seek a new form of damages for which Defendant had no opportunity to conduct discovery. Accordingly, the Court does not find Plaintiff has demonstrated the requisite good cause for the Court to extend the deadline for amending pleadings. *See Johnson*, 975 F.2d at 609.

1  IT IS THEREFORE ORDERED denying Plaintiff's Motion for Entry of Default and Default Judgment (as to Amended Complaint) or, Alternatively, to Strike Defendant's Affirmative Defenses to Initial Complaint (Doc. 60).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Modification of Scheduling Order and for Leave to Amend Prayer for Relief in First Amended Complaint by Interlineation (Fifth Request for Modification of Scheduling Order) (Doc. 82).

Dated this 7th day of August, 2018.

Honorable John J. Tuchi
United States District Judge