**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill S. Frederick, | No. CV-17-00368-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Irma O. Frederick, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Amended Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (Doc. 92, Mot.). The Court asked Defendant to file a Response (Doc. 93), which Defendant did (Doc. 94, Resp.). Plaintiff asks the Court to reconsider its decision to preclude punitive damages related to her claims that her father, Jim, lacked the capacity, was unduly influenced, or was defrauded to sign an Individual Retirement Account (IRA) beneficiary designation change in favor of Defendant before his death. (*See* Doc. 90, Order at 17-18.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels*

*Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In her Motion for Reconsideration, Plaintiff presents no newly discovered evidence or intervening change in controlling law; instead, she contends that the Court's decision was erroneous. (Mot. at 1-2.) In challenging the Court's conclusion that Plaintiff did not proffer sufficient evidence to create a genuine dispute of material fact as to her prayer for punitive damages, she asks the Court to examine the circumstantial evidence of Defendant's "evil mind." (Mot. at 3-4.) In support, Plaintiff cites *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995), which states that

> [a] defendant acts with the requisite evil mind when he intends to injure or defraud, or deliberately interferes with the rights of others, consciously disregarding the unjustifiable risk of significant harm to them. Important facts to consider when deciding whether a defendant acted with an evil mind include (1) the reprehensibility of defendant's conduct and the severity of the harm likely to result; (2) any harm that has occurred; (3) the duration of the conduct; (4) the defendant's awareness of the harm or risk of harm; and (5) any concealment of it. The plaintiff may meet the clear and convincing standard by either direct or circumstantial evidence which persuades the jury of the high probability of the defendant's evil mind.

(internal quotations and citations omitted).

As the Court stated in its prior Order (Order at 18), much of the evidence Plaintiff cites in resisting Defendant's request for summary judgment on Plaintiff's punitive damages prayer goes to whether Defendant unduly influenced Jim or engaged in fraud, and not necessarily whether Defendant's state of mind was evil in allegedly doing so. In other words, facts going to whether Defendant unduly influenced Jim to alter the beneficiary desigation, or fraudulently altered the beneficiary designation herself, do not necessarily raise the inference of an evil mind sufficient to support a request for punitive damages. Otherwise, punitive damages would be available any time a plaintiff alleged undue influence or fraud. *See, e.g.*, *Rawlings v. Apodaca*, 726 P.2d 565, 578 n.8 (Ariz. 1986) (noting "punitive damages are not recoverable in every fraud case, even though fraud is an

- 2 -

intential tort"); *Dawson v. Withycombe*, 163 P.3d 1034, 1062 (Ariz. Ct. App. 2007) ("Eschewing a *per se* rule, we think every case must be based on its own facts and the standard of aggravated, wanton, reckless or malicious intentional wrongdoing is more consistent with the standard our supreme court has stated for an award of punitive damages.").

But some evidence proffered by Plaintiff at the time of summary judgment gives the Court pause. If Defendant did engage in the alleged conduct, the facts all show that Defendant was aware of the harm to Plaintiff that would result at the expense of Jim's beneficiary designation wishes. Indeed, the harm to Plaintiff was readily apparent; the beneficiary designation change meant Plaintiff would be entitled to substantially less money. (*See also* Doc. 80, PSOF ¶ 56 (citing evidence that the fact that Plaintiff was the majority beneficiary of the IRA was always a point of contention in Jim and Defendant's marriage).) This evidence raises at least an inference that the harm was targeted at Plaintiff.

Moreover, Plaintiff proffered evidence at the time of summary judgment that Defendant did not inform others of Jim's beneficiary designation change and withdrew money from the IRA immediately before and after his death. If the beneficiary designation change was the product of the alleged improper conduct, a factfinder may infer that Defendant tried to conceal the improper conduct by not sharing the underlying beneficiary designation change with others, even though all facts show that she was at least aware of it. Although Defendant argues in her Response (Resp. at 5-6) that denying a fraud one did not commit is expected, concealing the underlying change to the beneficiary designation is another matter—one that raises other inferences.

In her present Motion but not in her Response to Defendant's summary judgment motion, Plaintiff points to more evidence that the relationship between Plaintiff and Defendant was difficult or strained, which raises additional inferences of malice through Defendant's intent to harm Plaintiff in allegedly orchestrating the beneficiary designation change. While this evidence would have helped Plaintiff's argument that there is a genuine

issue of material fact as to Defendant's evil mind, the Court cannot properly consider it because it was not proffered by Plaintiff at summary judgment.

Although this is a close call, the Court finds that Plaintiff did proffer sufficient circumstantial evidence at the time of summary judgment to raise an inference of malicious intentional wrongdoing on the part of Defendant, such that a genuine dispute of material fact as to punitive damages exists. The Court will therefore reverse its prior decision on this point, and Plaintiff's prayer for punitive damages will proceed to trial.

IT IS THEREFORE ORDERED granting Plaintiff's Amended Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (Doc. 92). Plaintiff's prayer for punitive damages will proceed to trial.

Dated this 28th day of January, 2019.

Honorable John J. Tuchi
United States District Judge