**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill S. Frederick, | No. CV-17-00368-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Irma O. Frederick, *et al.*, | |
| Defendants. | |

At trial in this matter, after the close of Plaintiff's case-in-chief, Plaintiff and Defendant both orally moved pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law. Plaintiff so moved on her claim for declaratory judgment (Docs. 133, 136), and the Court denied that motion as moot after trial. (Doc. 137.)

Defendant moved for judgment as a matter of law on each of Plaintiff's three theories for invalidation of the July 2016 beneficiary designation associated with James Frederick's IRA—incapacity, undue influence, and fraud—as well as Plaintiff's claim for punitive damages on the fraud claim, and later in a supplement to the motion, Plaintiff's claim for compensatory damages on the fraud claim. (Docs. 133, 135.) The Court denied Defendant's Rule 50 motion as to Plaintiff's claim for invalidation under an incapacity theory, which was Count I of the Amended Complaint. (Doc. 133.) After the jury rendered its verdict, Defendant renewed all aspects of her motion upon which the Court had not yet ruled, pursuant to Rule 50(b).

The Court took the remaining components of Defendant's Rule 50 motion under advisement. Thereafter the jury returned a verdict for Plaintiff on each of her three theories of invalidation of the beneficiary designation and awarded Plaintiff compensatory damages of $178,000. (Doc. 146.) Because the jury found for Defendant on Plaintiff's punitive damages claim (*id.*), the Court will deny as moot that component of Defendant's Rule 50 motion. The Court now addresses the three remaining components of Defendant's Rule 50 motion.

The Court will deny Defendant's motion with respect to Plaintiff's claim for invalidation of the beneficiary designation under both an undue influence theory (Count II) and a fraud theory (Count III). The jury heard sufficient evidence during the Plaintiff's case-in-chief from which a finder of fact rationally could conclude that 1) each of the elements of undue influence was met by a preponderance of the evidence, according to the instructions the Court gave on elements under that theory of invalidation; and 2) each of the elements of fraud was met by clear and convincing evidence, according to the instructions the Court gave on elements under that theory of invalidation. Thus, the Court will enter judgment for Plaintiff on her claims for equitable relief in Counts I, II, III, and V of the Amended Complaint, in the form of invalidation of the July 22, 2016 Schwab IRA beneficiary designation form and a declaration that the July 22, 2016 form is invalid and thus void.

The Court will grant Defendant's Motion for Judgment Notwithstanding the Verdict, however, as to Plaintiff's claim for compensatory damages on her invalidation claim under a theory of fraud in Count III. Judgment as a matter of law under Rule 50(a) or, if after the jury has returned a verdict, judgment notwithstanding that verdict, is proper "when the evidence permits only one conclusion as to the verdict." *Kay v. Cessna Aircraft Co.*, 548 F.2d 1370, 1372 (9th Cir. 1977); *see also Smith v. County of Riverside*, 2019 WL 988689 at *3 (C.D. Cal. January 24, 2019) (quoting *Kay*). In deciding whether this standard has been met, the Court must view the evidence in the light most favorable to the non-

moving party—here, Plaintiff—and draw all reasonable inferences in that party's favor. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005).

At trial, the Court instructed the jury as follows regarding a possible award of compensatory damages associated with Count III:

> Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant that is separate and apart from the changes in IRA beneficiary designation. You should consider the following:
>
> 1. The nature and extent of the injuries to plaintiff, if any, beyond the change in percentage of beneficiary designation;
>
> 2. The mental, physical, or emotional pain and suffering experienced, if any and that with reasonable probability will be experienced in the future;
>
> 3. The reasonable value of necessary medical care, treatment, and services received to the present time for such injuries, if any;
>
> 4. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future for such injuries, if any;
>
> 5. The reasonable value of necessary services other than medical to address such issues, if any, required up to the present time; and
>
> 6. The reasonable value of necessary services other than medical to address such issues, if any, that with reasonable probability will be required in the future. . . .
>
> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

(Doc. 142, Instruction No. 18.) The sum total of the evidence Plaintiff presented for compensatory damages in the case was as follows:

> Q: Have you been affected in any other ways [besides not receiving the ninety percent beneficiary designation]?
>
> A: Mentally and emotionally I had high stress which led to a physical case of shingles on my head, my forehead and my eye and I almost lost my eye. They weren't too sure if I was going to have it.

(Tr. 04/18/19 at 10:35:12.) That was it. There is no other testimony about damages in the entire case. And there is no evidence in any other form about damages in the entire case. Plaintiff presented no evidence bounding the period of time she had stress or shingles or complications from shingles. She submitted no records or testimony documenting her condition or suggesting that there were any medical bills or treatment, and if so what expenses or economic damages she sustained. This is utterly insufficient under the law and under the instruction with which the Court charged the jury.

Out of the six items set forth above that the Court instructed the jury to consider in evaluating a possible award of compensatory damages for fraud, they heard absolutely no evidence of four of those items: Item 3 (reasonable value of medical care, treatment or services accrued by Plaintiff); Item 4 (reasonable value of such care, treatment or services necessary in the future); Item 5 (reasonable value of non-medical services accrued); and Item 6 (reasonable value of non-medical services necessary in the future). And they heard only bare and unspecified testimony as to the other two items for consideration.

As to Item 1—the nature and extent of damages Plaintiff suffered beyond not receiving the ninety percent beneficiary designation—Plaintiff told the jury that stress led to shingles on her head, forehead and eye and that she nearly lost her eye. She submitted no medical or expert testimony addressing the existence, length or severity of her stress or her shingles or whether the stress did or could cause her shingles or any other health conditions. In other words, Plaintiff failed to introduce any evidence from which the jury could have reasonably found in the first place that any health issues associated with shingles were caused by Defendant's actions or the stress Plaintiff experienced. Moreover, Plaintiff proffered no evidence from which a jury could actually assign a value to either

the physical injury or any cost associated with treating that injury. Where a jury awards damages regarding losses from a physical injury (Item 1) in the face of a complete absence of evidence, that award is based precisely on the "speculation, guesswork or conjecture" that the Court instructed would not support such an award.

Similarly, Plaintiff failed to present evidence from which a jury could award damages pursuant to Item 2 of the damages instruction, addressing pain and suffering. This may be true as a threshold matter, in that where a plaintiff has failed to prove an underlying injury, she may not recover for pain and suffering as a result of such claimed injury. But even if a plaintiff could recover for pain and suffering without proof of an underlying injury, Plaintiff here failed to produce sufficient evidence that, even when taken in the light most favorable to her, could support such a verdict.

The Supreme Court of Arizona held nearly ninety years ago that

> [p]hysical pain and suffering in consequence of a wrong occasioning injury are proper elements of damage. No rule has been devised for measuring and compensating in money the injured party for such consequences. Concededly, the damages on that account should be fair and reasonable, free from sentimental or fanciful standards, and based upon the facts disclosed, such as the length of the suffering, the nature of the injuries, the age, health, habits and pursuit of the injured party; they must have a basis in the evidence actually submitted; they cannot be arrived at by conjecture or speculation.

*Coppinger v. Broderick*, 295 P. 780, 781 (Ariz. 1931). In *Coppinger*, the court found that the above standard had been met when the plaintiff supported her claim for pain and suffering by presenting evidence in the form of 1) her own testimony that she had been knocked unconscious for three days, was still unable to do her work four months after the injury, maintained a loss of function in her arm and leg, and continued to have pain in both her arm and leg as of the time of trial; and 2) medical and expert testimony from two examining physicians that the plaintiff had a large scar where she had testified her leg pained her, that she exhibited partial paralysis at that and other points of injury, that they

diagnosed her with traumatic neurasthenia, and that it was their opinion that she would suffer pain from this injury "more or less throughout her life." *Id*. at 782.

The Court does not suggest that all the types of evidence elicited in *Coppinger* are required to sustain a verdict of compensatory damages for pain and suffering, but in the present case, the jury had absolutely none of the above. There was no evidence of the duration of Plaintiff's injury. There was no evidence of any effect it had on her daily life or work abilities. There was no evidence that she suffered any pain in the past or as of the time of trial. And there was no medical, expert or other testimony or evidence to corroborate Plaintiff's claim of injury or to show the causation of such, the likelihood that it could cause pain, or any diagnosis or prognosis for future effect. All the jury heard here was Plaintiff's bare and unsupported testimony that she experienced stress and shingles and almost lost her eye. All of that could be true, but without any testimony bounding the experience, no physical evidence supporting it, no medical records, and no expert testimony as to causation or even to support the occurrence of the malady, any award of damages for pain and suffering is purely speculative. "It is [] necessary to show by the evidence either that the pain and suffering actually did exist, or that the injuries were of such a nature that it would presumably follow therefrom." *Olsen v. Mading*, 45 P.2d 23, 16 (Ariz. 1935) (finding the standard satisfied where the plaintiff elicited medical testimony as to the plaintiff's condition at the time of the accident and at the time of trial).

IT IS THEREFORE ORDERED denying Defendant's Rule 50 Motion for Judgment Notwithstanding the Verdict (Doc. 135) as to Counts II and III for invalidation of the July 2016 Schwab IRA beneficiary designation form on the theories of undue influence and fraud.

IT IS FURTHER ORDERED granting Defendant's Rule 50 Motion for Judgment Notwithstanding the Verdict (Doc. 135) as to Plaintiff's claim for compensatory damages pursuant to her invalidation claim on a theory of fraud.

IT IS FURTHER ORDERED denying as moot Defendant's Rule 50 Motion for Judgment Notwithstanding the Verdict (Doc. 135) as to Plaintiff's claim for damages pursuant to her invalidation claim on a theory of fraud.

IT IS FURTHER ORDERED directing the Clerk of Court: 1) to enter judgment for Plaintiff on Counts I, II, III, and V of the Amended Complaint; 2) to enter a declaratory judgment that the July 2016 beneficiary designation is invalid due to incapacity, undue influence, and fraud, and is therefore void; and 3) to close this matter.

Dated this 29th day of April, 2019.

Honorable John J. Tuchi
United States District Judge